# In the United States Court of Federal Claims

Nos. 11-400 C, 11-416 C
(CONSOLIDATED)

(Filed: August 8, 2011)

*******************************************
| | |
|---|---|
| JOINT VENTURE OF COMINT SYSTEMS CORPORATION AND EYEIT.COM, INC., and NETSERVICES & ASSOCIATES, LLC, Plaintiffs, v. THE UNITED STATES, Defendant, and NETCENTRICS CORPORATION, DIGITAL MANAGEMENT, INC., and POWERTEK CORPORATION, Defendant-Intervenors. | RCFC 15(a)(2); Motion for Leave to File Second Amended Complaint; Foman; Zenith Radio Corp.; Fala; Centech Group, Inc.; Amendment Freely Given When Justice Requires |

*******************************************

Philip F. Hudock, Reston, VA, for Joint Venture of Comint Systems Corporation and EyeIT.com, Inc. and David B. Dempsey and Jeffery M. Chiow, Washington, DC, for NetServices & Associates, LLC, for plaintiffs.

Alexander V. Sverdlov and Steven Michael Mager, United States Department of Justice, Washington, DC, for defendant.

Jeremy William Dutra, Washington, DC, for NetCentrics Corporation, David Phillip Metzger, McLean, VA, for Digital Management, Inc., and Gerard Francis Doyle, Alexandria, VA, for PowerTek Corporation, for defendant-intervenors.

**RULING ON PLAINTIFF NETSERVICES & ASSOCIATES, LLC'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**SWEENEY**, Judge

Before the court is a request for leave to file a second amended complaint ("motion for leave") filed by plaintiff NetServices & Associates, LLC ("NetServices"). NetServices seeks leave to file a second amended complaint for the purpose of incorporating information that it discovered for the first time upon review of the second corrected administrative record, which defendant filed on July 21, 2011.[1] NetServices contends that the second corrected administrative record provides further support, as well as additional grounds, for its postaward bid protest. NetServices represents that, at the time of filing, neither defendant nor defendant-intervenors consented to the motion for leave. The court, however, need not await responses from defendant and defendant-intervenors. For the reasons set forth below, NetServices' motion for leave is granted.

## I.

Rule 15 of the Rules of the United States Court of Federal Claims ("RCFC") addresses amended and supplemental pleadings. RCFC 15(a)(2) provides that the court "should freely give leave [to amend] when justice so requires." The decision to grant leave to amend rests within the court's discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331 (1971); Centech Group, Inc. v. United States, 78 Fed. Cl. 658, 659 (2007). In Foman v. Davis, the United States Supreme Court ("Supreme Court") explained that Rule 15(a) of the Federal Rules of Civil Procedure ("FRCP")

> declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."[2]

371 U.S. 178, 182 (1962) (footnote added). Although RCFC 15(a) provides that leave to amend shall be freely given, "it is not to be abused." Fala Corp. v. United States, 53 Fed. Cl. 35, 37

---

[1] NetServices further explains: "[T]he Government's piecemeal presentation of the [administrative record] prevented NetServices from seeing the information upon which the amendments to its Complaint are based." Mot. 2.

[2] "[T]o the extent permitted by this court's jurisdiction," the RCFC "shall be consistent with the FRCP . . . ." RCFC 83(a). Interpretation of the RCFC "will be guided by case law and the Advisory Committee Notes that accompany the [FRCP]." RCFC rules committee's note (2002); see also Zoltek Corp. v. United States, 71 Fed. Cl. 160, 167 (2006) (noting that interpretation of the FRCP "informs the Court's analysis" of the corresponding RCFC).

(2002).

## II.

Defendant filed the administrative record on June 28, 2011. One day later, it filed a motion to correct the administrative record, which the court granted. After defendant filed the corrected administrative record, NetServices and coplaintiff Joint Venture of Comint Systems Corporation and EyeIT.com filed motions to compel supplementation of the record ("motions to supplement") and a joint supplemental motion to supplement the record ("joint supplemental motion") in which they argued that the corrected administrative record was incomplete. In its July 15, 2011 ruling, the court granted in part and denied in part plaintiffs' motions to supplement, granted in part and denied in part as moot plaintiffs' joint supplemental motion, and directed defendant to file a second corrected administrative record. See Joint Venture of Comint Sys. Corp. & EyeIT.com, Inc. v. United States ("Comint"), Nos. 11-400C, 11-416C, 2011 WL 3010681, at *10-11 (Fed. Cl. July 15, 2011).

Defendant filed a second corrected administrative record on July 21, 2011. One day later, plaintiffs filed new motions to compel supplementation of the record ("second motions to supplement") on July 22, 2011, arguing that the second corrected administrative record was incomplete and requesting supplementation with extra-record evidence. The court deferred ruling upon plaintiffs' second motions to supplement, see Order 1-2, July 27, 2011, and scheduled a status conference with the parties to address all outstanding issues related to the record in this case.

NetServices was previously unable to identify information upon which its proposed amendment is based due to the "piecemeal presentation" of the administrative record. Mot. 2; supra note 1. The court appreciates the task NetServices encountered. Indeed, many documents contained within the second corrected administrative record are not organized chronologically or are duplicated in several places. Documents are not labeled in a manner that immediately identifies them or minimizes confusion, and the table of contents offers little aid. Consequently, locating information contained in the second corrected administrative record can be both difficult and laborious.

NetServices has not unreasonably delayed filing its motion for leave. Navigating through over 16,000 pages of documents is a time-consuming endeavor that is only complicated by the poorly assembled administrative record. More importantly, issues related to what materials are or should be properly part of the administrative record remain outstanding, and the parties have not yet filed dispositive motions.[3] Defendant and defendant-intervenors, which have not yet

---

[3] In opposition to plaintiffs' motions to supplement, defendant and defendant-intervenor Digital Management, Inc. ("DMI") moved to dismiss portions of plaintiffs' amended complaints on timeliness grounds. The court denied as moot both motions to dismiss, explaining that the motions were premature and permitting defendant and DMI to renew their motions at the

responded to plaintiffs' amended complaints, are not prejudiced by amendment, and none of the circumstances identified by the Supreme Court in Foman that militate against granting leave to amend is present in this case.  Justice requires that NetServices have a full opportunity to set forth the grounds for its protest, and there is no reason why NetServices should not be freely given leave to file a second amended complaint.  See Foman, 371 U.S. at 182; RCFC 15(a)(2).

### III.

For the foregoing reasons, NetServices' motion for leave is **GRANTED**.  NetServices shall file its second amended complaint in accordance with the deadline to be set by the court in an order that adjudicates plaintiffs' second motions to supplement and resolves all issues concerning the contents of the administrative record.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

---

appropriate time.  Comint, 2011 WL 3010681, at *10 & n.7.